B. A. BRATTON, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 11, 1912.

CARRIERS OF LIVE STOCK: Delayed Shipment: Contract. A cause of action, founded on a breach of the common law duty of a common carrier to act with reasonable promptness in the despatch of a shipment of sheep received for transportation, is not included in a written contract of affreightment executed after the damage accrued, providing that the shipper "hereby releases and waives any and all causes of action for damages that may have accrued by any written or oral contract prior to the execution hereof." Such cause of action 'is one in tort and not in contract.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED (*conditionally*).

*Paul E. Walker* and *E. C. Hall* for appellant.

*Pross. T. Cross* for respondent.

JOHNSON, J.—This is an action by a shipper of live stock against a common carrier to recover damages caused by the negligent delay of the carrier in the transportation of the stock to market. A trial of the issues raised by the pleadings resulted in a verdict and judgment for plaintiff in the sum of two hundred and fifty dollars. After unsuccessfully moving for a new trial and in arrest of judgment, defendant appealed.

Plaintiff had 317 sheep which he desired to ship from Lathrop to Kansas City, a distance of about forty miles, for sale on the live stock market conducted in the latter city. He informed defendant's agent of his purpose and on February 6, 1910, was told by the agent to drive the sheep in from his farm the following day and that they would be taken to Kansas City that night. He brought the sheep to defendant's station as directed and was instructed by the agent to place them in defendant's stock pens. He complied with this instruction and the sheep remained in the pens two full days before defendant provided a car for them. There was some further delay after the car was loaded and the shipment did not arrive at its destination until the morning of the third day after its delivery to defendant at the stock pens. Facts and circumstances adduced in the evidence of plaintiff tend to show that the long delay preceding the loading of the sheep into the car was negligent as was the subsequent delay in sending the car forward. Further it appears that the sheep suffered a severe shrinkage in weight caused by their unnecessary and prolonged detention in defendant's pens; that six of them were lost in the course of transportation and that plaintiff incurred extra expense for feed on account of the negligent delay.

The items of damage alleged in the petition are: First, loss on account of depreciation in the value of sheep at the Kansas City market during the period of the unnecessary delay amounting to $20.80; second, loss caused by shrinkage in weight, $220.80; third, loss occasioned by the failure of defendant to deliver six of the sheep, $25.26, and, fourth expense for extra feed, $15.

These different elements of damage were submitted in the instructions given the jury at the request of plaintiff. All are supported by substantial evidence except the first. As to that item there is no evidence

of any depreciation in the value of the sheep at the Kansas City market and the court erred in submitting such damage to the jury. But defendant is not content with calling our attention to this error. Its counsel insist in their brief and argument that the judgment should be reversed on the ground that the damages, if any, accrued before the sheep were loaded in the car and were expressly released by the terms of a written contract of affreightment which plaintiff signed and delivered to defendant's agent after the sheep were loaded.

The written contract, which proof shows was signed and delivered at the time, stated that in consideration of a reduced rate the shipment would be carried on terms restrictive of defendant's common law liability among such terms and conditions being the following: "That the second party hereby releases and waives any and all cause of action for damages that may have accrued to him by any written or verbal contract prior to the execution hereof." Plaintiff's answer to this argument is that the cause of action pleaded in the petition is founded on defendant's breach of its common law duty as a common carrier to act with reasonable promptness in the despatch of a shipment received for transportation and, therefore, being a cause sounding in tort and not in contract was not included in the causes expressly released by plaintiff in the written contract executed after the damages accrued.

Turning to the petition we find from its phraseology the expression of an intent to allege a cause for the breach of a common law duty and not for the violation of a shipping contract. Defendant calls our attention to the use by the pleader of certain words such as "consideration" and "agreed" which are terms generally employed in the averment of certain elements of a contract. The use of such terms while indicative of an intent to plead a cause founded on con-

tract (21 Ency. Pl. and Pr., 659), is not an absolute test. A pleading is to be read and construed as a whole and where the context clearly shows, as it does in the petition before us, that the words in question were used in stating matters of mere inducement, were not intended to be definitive, and that the pleader clearly intended to allege a cause *ex delicto*, we do not think we should give them a meaning at variance with that of the expressed intention. Regarding the pleaded cause as one founded in tort, the question of the effect on such cause of the stipulation for a release in the written contract executed after the cause had accrued, is decided adversely to the position of defendant in our opinion in the recent case of Baker v. Railroad, 145 Mo. App. 189, and we repeat what we said in that opinion, that plaintiff had the right to sue for his damages as for a breach of defendant's common law obligation to carry his property with reasonable dispatch and, since the subsequent written contract does not attempt to release a cause of that nature but only one founded on some prior contract, it is not available as a defense to this action, though we should concede that it was a valid contract for a limited liability based on the consideration of a reduced rate. The court did not err in overruling the demurrer to the evidence.

The error we have noted in the instructions on the measure of damages may be cured by a proper remittitur and on condition that such remittitur be filed within ten days the judgment will be affirmed; otherwise it will be reversed and the cause remanded. All concur.