EDWARD RITTMAN, Respondent, v. THE MIS-
    SOURI PACIFIC RAILWAY COMPANY, Ap-
    pellant.

**Kansas City Court of Appeals, November 23, 1914.**

1. **CARRIERS: Common-Law Duty: Contract: Waiver.** A breach
   of a carrier's common-law *duty* is not waived by a subsequent
   written contract of shipment reciting that all prior written
   *contracts* are waived.

2. ————: **Evidence: Cold Weather: Abandoning Train.** Evi-
   dence that a carrier's general agent stated that the reason the
   carrier did not perform its duty to carry live stock, was that
   the crew abandoned the train on account of the cold weather
   shows no excuse for the delay.

Appeal from Johnson Circuit Court.—*Hon. A. A.
    Whitsett,* Judge.

AFFIRMED.

*J. F. Green* and *Scott & Bowker* for appellant.

*Nick M. Bradley* and *M. D. Aber* for respondent.

ELLISON, P. J.—Defendant is a common carrier
of freight from Centerview, Missouri, to Kansas City,
Kansas. Plaintiff's action is for damages occasioned
by defendant failing to furnish him cars and transport
thirty-five head of fat cattle to the market at the lat-
ter place. He recovered judgment in the circuit court.

Plaintiff's petition alleged a failure on defend-
ant's part to furnish cars and to transport the cattle,
as and when it was in duty bound to do. And that
afterwards, on the next day, cars were furnished and
the cattle transported to destination, but the delay in-
jured the cattle by exposing them overnight to se-
verely inclement weather and they arrived at destina-

tion in a damaged condition. The answer was that the shipment was interstate and a general denial, with the further plea that there was a written contract of ship-, ment, setting up many of its provisions whereby plaintiff agreed to waive all damages arising out of any previous verbal contract; and whereby he agreed to give written notice of any claim for damage arising out of the contract within one day after delivery of the stock at destination; and whereby he further agreed that any action to which he thought himself entitled should be instituted within six months. It was then alleged that these provisions were not complied with by plaintiff. There was also an allegation that the shipment was interstate and that this contract, limiting liability, was approved by the Interstate Commerce Commission.

Plaintiff filed, and the court sustained, a motion to strike out all the answer concerning the written contract limiting liability, and as to the Interstate Commerce Commission. The defendant then went to trial on that part of the answer remaining, which was principally a general denial.

The ground upon which the motion was sustained was that the petition declared on a carrier's common law duty to carry and not on a verbal contract, and that therefore the written contract afterwards executed did not relate, in any way, to the violated duty of defendant as a carrier. That that part of the answer was not responsive and did not constitute any defense under the following cases: Baker v. Railroad, 145 Mo. App. 189; Bratton v. Railroad, 167 Mo. App. 75; Vivion v. Railroad, 172 Mo. App. 352. In answer to this the defendant insists that plaintiff's petition declares on a verbal contract to furnish the cars and transport. We do not think so. In order to bring about a breach of the common-law duty of a carrier to transport freight, there must be, of course, some request for a performance of that duty and a refusal or failure, on the part

of the carrier, and that is what plaintiff alleged. It is true that in order to show how such refusal caused the damage he alleged, in effect, that when he requested performance, defendant's agent assented and in consequence, relying upon such performance of duty, he exposed his cattle in the unsheltered stock pens.

Defendant next insists that there was no evidence in the cause to show that the failure to transport the stock was through its fault, or by reason of its negligence in delay, or otherwise. We think there was. The cause was submitted to the trial court on an agreed statement of facts, which contained the following: "That plaintiff would testify that defendant's said general agent told him the reason the train did not come on January 3, 1911 (the day the shipment was to be made) was that defendant's servants abandoned it that afternoon because of the cold." We think that was competent evidence and that it shows a reason for failure to take the cattle which is not a legal excuse. If a carrier may, through its agents and servants, *abandon* its duty "because of the cold" in this climate, the service of a common carrier would become too uncertain for all practical purposes.

The judgment is affirmed. All concur.